IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**

October 30, 2023 02:28 PM
ST-2022-CR-00032
**TAMARA CHARLES
CLERK OF THE COURT**

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN-

PEOPLE OF THE VIRGIN ISLANDS,      )     Case No. ST-2022-CR-00032

                                     )

             Plaintiff,         )     **CHARGES:**

vs.                               )     23 V.I.C. § 481(b)

                                       )     14 V.I.C. § 2253(a)

**LA-SHORN SAMUEL,**               )     14 V.I.C. § 2253(b)

                                       )     14 V.I.C. § 2256(a)(4)

             Defendant.         )

Cite as 2023 VI Super 62U

### MEMORANDUM OPINION

¶1     **THIS MATTER** is before the Court on Defendant La-Shorn Samuel's ("Samuel") Motion to Withdraw Guilty Plea and for a Hearing on Motion ("Motion"), filed on November 18, 2022. The People have not filed a response. Nevertheless, for the reasons set forth herein, the motion will be denied.

### BACKGROUND

¶2     On February 18, 2022, at his Arraignment, Samuel pled not guilty, waived a formal reading of the Information and requested a speedy and public trial by jury.[1] At the time of Arraignment, Samuel had posted bail and was not in custody. On September 27, 2022, the People of the Virgin Islands ("People") extended a plea offer to Samuel, addressed to his then-counsel, Alexia L. Furlow, Esq.[2] The terms of the plea offer stated it was only available until 5:00 p.m. on September

---

[1] The Information dated February 16, 2022, charged Samuel with the following four counts: Unauthorized Possession of a Firearm with Altered Identification Marks (23 V.I.C. § 481(b)); Unauthorized Possession of a Firearm (14 V.I.C. § 2253(a)); Unauthorized Possession of a Machine Gun (14 V.I.C. § 2253(b)); and Unauthorized Possession of Ammunition (14 V.I.C. § 2256(a)(4)).

[2] Alexia L. Furlow, Esq., is an Assistant Territorial Public Defender.

28, 2022. At that time, Samuel's final pretrial conference was scheduled for September 29, 2022, and jury selection was scheduled for Tuesday, October 4, 2022.

¶3      On September 28, 2022, Samuel filed a copy of a plea agreement and Motion for Change of Plea. The plea agreement stated Samuel would plead guilty to unlawful possession of ammunition and in exchange the People would dismiss the remaining charges, the parties may allocate (sic) at sentencing, and the People would recommend that defendant receive credit for time served. The matter was scheduled for change of plea on October 3, 2022 ("Change of Plea").

¶4      At the Change of Plea, Samuel was placed under oath; the People read the terms and conditions of the plea agreement into the record; and the Court advised Samuel of his rights and *voir dired* him in open court pursuant to V.I. R. Crim. P. 11(b) ("Rule 11"). The People then gave the Court the predicate facts for the guilty plea. The Court asked Samuel if the People could prove those facts to the Court if the matter went to trial, to which he responded "yeah, they could have." The Court found Samuel's guilty plea to be knowing and voluntary and scheduled sentencing for December 5, 2022.

¶5      On November 17, 2022, Clive Rivers, Esq. filed a Notice of Appearance for Samuel, and the following day Samuel, through this new counsel, filed the instant Motion.

## DISCUSSION

¶6      Samuel moves to withdraw his guilty plea pursuant to Rule 11, arguing there are fair and just reasons to grant the Motion. In it, Samuel reasserts his innocence and contends he felt pressured to accept the plea offer and plead guilty. Samuel also states that withdrawing his plea would not prejudice the People because their witnesses are local and readily available.

¶7  Specifically, Samuel states he did not have sufficient time to adequately review the plea offer and consider other available options since he was afforded only twenty-four hours to review it. Also, "Samuel describes the Court's examination as rapid, spit-fire questioning that ultimately left him feeling rushed to enter a plea of "Guilty" on all counts of the Information." Def.'s Mot. To Withdraw Guilty Plea 6 (internal quotation marks in original).[3] Samuel maintains he felt overwhelmed and compelled to accept the People's plea offer and did not willingly accept it.

### Legal Standard

¶8  Under Rule 11, a guilty plea may be withdrawn after the Court has accepted the plea but before sentencing if the defendant could articulate a fair and just reason for doing so. V.I. R. Civ. P. 11(d)(2)(B). A motion to withdraw guilty plea, however, may be denied if the Court finds the guilty "plea was knowing, voluntary, and intelligent." *People v. Thomas*, Super. Ct. Crim. No. ST-15-CR-368, 2016 WL 6082235, at *2 (V.I. Super. Ct. Oct. 14, 2016) (unpublished) (quoting *Hightree v. Virgin Islands*, 60 V.I. 514, 522 (V.I. 2014)).

¶9  A substantial burden is placed on a defendant to demonstrate any fair and just reason to withdraw their guilty plea. *Thomas*, 2016 WL 6082235, at *2; *U.S. v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003) (noting that a shift in defense tactics or a change of mind are not adequate reasons to withdraw a guilty plea).

¶10  To determine if a defendant has met this burden, the Court factors in whether they have adequately reasserted their innocence and the strength of their reasons to withdraw the guilty plea.

---

[3] The Court is perplexed by Samuel's claim that he felt rushed to plead guilty on all counts as he only pled guilty to one count of the Information. Therefore, the Court will treat the claim of pleading guilty on "all counts" as a typographical error.

*Thomas*, 2016 WL 6082235, at \*2; *Hightree*, 60 V.I. at 523. Once the defendant meets that threshold, the burden shifts to the People to demonstrate they would be prejudiced by the withdrawal. *Bruno v. People*, 59 V.I. 748, 756 n.6 (V.I. 2013) (citing *U.S. v. Harris*, 44 F.3d 1206, 1210 n.1 (3d Cir. 1995)).[4]

## *Analysis*

### I. **Samuel has not adequately reasserted his innocence.**

¶11     When a defendant asserts his innocence after pleading guilty, he must provide sufficient proof on the record to explain the contradictory positions being taken. *Thomas*, 2016 WL 6082235, at \*2; *Bruno*, 59 V.I. at 754-55. Bald assertions of innocence are insufficient to permit a defendant to withdraw his guilty plea. *Id.* (quoting *Jones*, 336 F.3d at 252); *U.S. v. Monac*, 120 Fed. Appx. 924, 927 (3d Cir. 2005) ("[P]roof of *factual* innocence is required.") (italics in original).

¶12     Here, Samuel asserts his innocence of all charges in his Motion, however, Samuel does not provide any affidavit or add credible facts to the record to support his claim; instead, he has simply presented a blanket assertion. Therefore, with nothing more, the Court finds that Samuel has failed to properly assert his innocence.

---

[4] It is well settled that when a defendant fails to assert any fair and just reason for withdrawing a guilty plea, a court does not have to consider whether the People would be prejudiced by the withdrawal. *Bruno*, 59 V.I. at 756 n.6; *Gov't of the V.I. v. Jowers*, Super. Ct. Crim. No. 326/1994, 1997 WL 35410096, at \*2 (V.I. Super. Ct. June 2, 1997) (finding that the government's burden of demonstrating it would be prejudiced is triggered "[i]f the defendant sets forth a fair and just reason for withdrawing the plea") (unpublished); *U.S. v. Martinez*, 785 F.2d 111, 116 (3d Cir. 1986) ("The Government is not required to show prejudice when a defendant has shown no sufficient grounds for permitting withdrawal of a guilty plea, although such prejudice may be considered by the district court in exercising its discretion[.]") (quoting *U.S. v. Saft*, 558 F.2d 1073, 1083 (2d. Cir. 1977)). The Court, for the reasons stated herein, does not find any fair and just reason to withdraw Samuel's guilty plea. Accordingly, the Court will not consider whether the People would be prejudiced.

## II. Samuel's reasons for withdrawing his guilty plea lack strength and the Court found his acceptance of the plea offer to be knowing and voluntary.

¶13 "[T]he voluntariness of a guilty plea is an appropriate factor to consider in determining the strength of a defendant's reason to withdraw a guilty plea[.]" *Bruno*, 59 V.I. at 754; *see U.S. v. Brown*, Case No. 1:08-CR-27, 2009 WL 3055379, at *1 (D.V.I. Sept. 17, 2009) (unpublished). In the Virgin Islands, Rule 11 provides safeguards to ensure a defendant is knowingly and voluntarily pleading guilty. V.I. R. Crim. P. 11(b)(1)-(2).[5] Notably, deference is given to a defendant's responses at a plea hearing given that "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *e.g., Brown*, 2009 WL 3055379, at *1 (finding that defendant's argument lacked strength because the Court was satisfied that defendant's responses at the plea hearing were voluntary and knowing).

¶14 Samuel argues he felt unduly compelled to accept the plea offer because he was afforded only twenty-four hours to review it, and because the Court's examination at the Change of Plea left him feeling rushed to accept it. Nonetheless, Samuel does not provide any evidence to corroborate his allegations. *Thomas*, 2016 WL 6082235, at *3 (finding defendant's reasons for withdrawal lacked strength when defendant's claims were not substantiated on record and the Court had fully apprised defendant of the charges against him).

---

[5] The Court must inform a defendant, *inter alia*, of the: right to plead not guilty, right to a jury trial, right to be represented by counsel and, if necessary, have the court appoint counsel, and nature of each charge to which the defendant is pleading. V.I. R. Civ. P. 11(b)(1). The Court must also address the defendant personally to determine the plea is voluntary and not a result of force, threats, or promises; and the Court may inquire about whether defendant had an adequate opportunity to consult with counsel and whether defendant is satisfied with the services of that counsel. V.I. R. Civ. P. 11(b)(2). The Court comported with these requirements at the Change of Plea and was satisfied with Samuel's responses.

¶15    The totality of the circumstances does not support Samuel's reasons for withdrawing his guilty plea. Samuel contends the Court's examination at the Change of Plea consisted of "rapid, spit-fire questioning". This, however, is not an accurate recounting of what occurred at the Change of Plea; indeed, to ensure Samuel's guilty plea was voluntary and knowing, the Court followed the dictates of Rule 11 at the Change of Plea.

¶16    In fact, after Samuel was sworn, the Court inquired if he read and understood English, and Samuel responded "completely". The Court asked if, at the time of the Change of Plea, Samuel was under the influence of any alcohol, had used any illegal drugs within the previous 48 hours, and if he was taking any prescription medication. To the questions regarding the use of alcohol or illegal drugs, he answered "absolutely not". In response to the question regarding prescription medication Samuel inferred that he may have taken prescription medication but confirmed the side effects of the medication did not affect his ability to understand and respond to the court's questions. The Court was satisfied by Samuel's responses that his ability to participate in the proceeding was not affected by any substances. The Court subsequently advised and reminded Samuel of his rights. When the court asked if Samuel understood he would be giving up all of his rights if he pled guilty, he responded, "Completely".

¶17    Further, Samuel was represented by counsel throughout this proceeding. When asked if Attorney Furlow discussed the terms of the plea offer with him, Samuel responded "yes"; when asked if Attorney Furlow had explained the consequences of pleading guilty, Samuel responded "she totally did"; and if he was satisfied with her services as counsel, Samuel responded "she is a great attorney". The Court, then, inquired if Samuel signed the plea offer, to which Samuel responded, "yes, I did".

¶18    The Court confirmed Samuel was pleading guilty of his own free will. The Court asked Samuel if anyone had threatened or pressured him into pleading guilty, Samuel responded "absolutely not". And, when asked if he was pleading guilty because he was guilty, Samuel responds "yes, your Honor". The People gave the Court the predicate facts for the charge, as follows: "that on January 29, 2022, in St. Thomas, Virgin Islands, Defendant Samuel, unauthorized by law, possessed firearm ammunition." And when the Court inquired of Samuel whether the People could have proved those facts if the matter had gone to trial, Samuel replied "yeah, they could've".

¶19    The Court found that Samuel understood the nature and consequences of his plea, and that Samuel knowingly and voluntarily waived his rights and that his plea was knowing and voluntary. As such, the Court found a factual basis for accepting Samuel's plea to guilty. Nothing in Samuel's arguments, or the record, supports Samuel's claim that he unwillingly accepted the plea offer or felt compelled to do so. And, considering the totality of the record, Samuel's reasons for withdrawing his guilty plea lack strength.

## CONCLUSION

¶20    Samuel fails to adequately reassert his innocence and his reasons for withdrawing his guilty plea lack strength. The Court, therefore, finds that Samuel has not presented any fair and just reason for withdrawing guilty plea. Accordingly, the Court will deny the Motion, and in the same vein, the Court will deny Samuel's request for a hearing on the Motion.[6]

---

[6] "A motion to withdraw a guilty plea may be denied without a hearing where the defendant's allegations 'merely contradict the record,' are 'inherently incredible,' or are 'simply conclusory.'" *U.S. v. Mativa*, 112 Fed. Appx. 226, 228 (3d Cir. 2004) (citing *U.S. v. Torres*, 129 F.3d 710, 715 (2d Cir. 1992)).

An Order consistent with this Memorandum Opinion will be entered simultaneously herewith and Samuel's sentencing will be scheduled therein.

DATED:  October __30__, 2023

 

**Kathleen Mackay**
Judge of the Superior Court
of the Virgin Islands

**ATTEST:**
**TAMARA CHARLES**
Clerk of the Court

BY: _____
   for **LATOYA CAMACHO**
   Court Clerk Supervisor  10 / 31 / 23